

The following constitutes
the order of the court. Signed September 12, 2018

_____
Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 17-52856 SLJ |
|---|---|
| **KASHY MALEK**, | Chapter 13 |
| | Date: August 16, 2018<br>Time: 11:30 a.m.<br>Ctrm: 3099 |
| Debtor. | |

## AMENDED MEMORANDUM DECISION ON TRUSTEE'S MOTION TO DISMISS CASE[1]

Debtor commenced this chapter 13 case by filing a voluntary petition on November 28, 2017.[2] Debtor's chapter 13 plan remains unconfirmed despite the passage of nine months. Consequently, on June 27, 2018, Devin Derham-Burk, chapter 13 trustee (the "Trustee"), filed her Motion to Dismiss ("Motion") for unreasonable delay.

---

[1] The Decision was amended to correct a typographical error which incorrectly stated this case was commenced in 2018, instead of 2017.

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM DECISION 1/16

Debtor filed an opposition ("Opposition") to the Motion.[3] Debtor's main argument is that the Trustee's method of noticing this case for dismissal is improper and deprived her of due process. In particular, Debtor argues that Bankruptcy Rule 1017(a) requires that an actual hearing be scheduled for each motion to dismiss. The Local Rules do not require an actual hearing be scheduled unless a party objects. Debtor in fact objected to the Motion, so she got both an opportunity to respond and a hearing. Aside from this due process argument, Debtor makes no serious effort in the extensive Opposition to explain why her plan remains unconfirmed.

Because I determine that Debtor received adequate notice and find cause to dismiss the case, I GRANT the motion to dismiss.

## I. BACKGROUND

Debtor filed this case and a chapter 13 plan ("Plan") on November 28, 2017. The Plan specifies that Debtor has a delinquency on her home loan of more than $253,405, and provides for payments to the Trustee of $2,500 per month for 24 months. Of that sum, the Plan specifies that the home lender should be paid $1,500 per month. In addition, the Plan provides that the remaining balance on the arrears in the approximate amount of $221,600 would be paid by the end of the 26th month from the sale or refinance of Debtor's residence.[4]

---

[3] Debtor's opposition states that she is appearing "specially" to oppose the Motion. This reference seems premised on Debtor's argument, discussed below, that the Motion was not noticed properly. A special appearance is sometimes used by an attorney who contends the court has not obtained jurisdiction over a client. *U.S. v. Tacoma Oriental S.S. Co.,* 86 F.2d 363, 366 (9th Cir. 1936). That reference has no place in a chapter 13 case commenced on a voluntary basis by Debtor who has submitted herself to the court's jurisdiction to obtain relief under the Bankruptcy Code. *See In re Kasl,* 2009 Bankr. LEXIS 2351 (Bankr. C.D. Cal. Jan. 13, 2009).

[4] Debtor proposes not to make any payments for two months at the end of the 24th month. This gap is not explained.

To summarize, in her Plan, Debtor is not intending to pay the $253,405 arrearage in level monthly payments over five years. Instead, she proposes to pay a portion of that balance over the first part of her Plan, and the balance later upon a sale or refinance of the real property.

On January 10, 2018, the Trustee filed her Objection to Confirmation of Chapter 13 Plan ("Objection to Confirmation"). The Objection to Confirmation has five points. They are: (1) the Plan would require 112 months to complete, which is over the allowable 60-month term; (2) the Plan may not comply with § 1322(d); (3) the Plan may not be feasible; (4) the Plan contains provisions not found in the standard district chapter 13 plan which may require advance court approval; and (5) the Trustee requested tax returns which have not been provided.

The docket does not show any action by Debtor to resolve the Objection to Confirmation. On April 20, 2018, the Trustee filed a motion to dismiss this case alleging, among other things, that Debtor was delinquent in plan payments in the amount of $7,500. On May 9, 2018, the Trustee withdrew that motion, and the court infers from the withdrawal that the payment delinquency was cured.

The Trustee filed this Motion on June 27, 2018, using the Notice and Opportunity for Hearing procedure permitted by the local rules of this District. The Motion alleged cause to dismiss under § 1307(c) based on unreasonable delay that is prejudicial to creditors. On July 18, 2018, Debtor filed a lengthy Opposition consisting of a 14-page opposition brief, a 14-page supplemental memorandum of points and authorities, and 171 pages of exhibits. A substantial part of the opposition brief and the entirety of the supplemental memorandum of points and authorities consists of arguments that the court does not have jurisdiction to hear the Motion because the notice procedure used by the Trustee is in violation of Bankruptcy Rule 1017(a).

Just one day prior to the hearing on the Motion, Debtor filed an amended plan ("Amended Plan"). The Amended Plan provides for a monthly payment of $1,650 for 9 months and then an increase of the monthly payment to $2,500 for the next 9 months. It

MEMORANDUM DECISION 3/16

also shortens the time for sale or refinance of the residence to 18 months (from 26 months). The idea that the original Plan would be amended was not addressed in the Opposition.

Aside from the Amended Plan, the only substantive activity on the docket involves a request by Debtor to waive the business examination requirement under § 1302(c), which was granted by order entered on February 2, 2018.

Only one claim was filed in this case, by PROF-2013-S3 LEGAL TITLE TRUST IV, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TRUSTEE ("Claim"), which states a claim in the amount of $851,409.80, secured by Debtor's residence. The Claim asserts a default of $233,261.59 as of the petition date.

## II. DISCUSSION

### A. The Bankruptcy Court has Jurisdiction over this Dispute

Debtor's Opposition states that she opposes the court's jurisdiction to hear the Motion because of the alleged lack of adequate notice. Debtor misunderstands the difference between subject matter jurisdiction and personal jurisdiction, and due process.[5] *See Insurance Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 701-703 (1982)(explaining the concepts of subject matter and personal jurisdiction).

I have subject matter jurisdiction. Jurisdiction in bankruptcy cases is established in two statutes, 28 U.S.C. §§ 157(a) and 1334. Section 1334 provides that district courts have "jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The district court is authorized to delegate that jurisdiction to the bankruptcy court. Section 157(b)(1) provides that "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11" that are referred to them by the district court.

---

[5] Debtor did not elaborate about whether she is referring to subject matter jurisdiction or personal jurisdiction and neither brief she filed contains any discussion of the court's jurisdiction. I conclude that Debtor is referring to subject matter jurisdiction because Debtor seems to be arguing about the merits of the procedure for the motion, not my authority over Debtor.

MEMORANDUM DECISION 4/16

Congress also provided a non-exhaustive list of core proceedings. *See* 28 U.S.C. § 157(b)(2). A motion to dismiss a bankruptcy case for cause arises under title 11 and is a core proceeding under § 157(b)(2)(A). *In re Hickman*, 384 B.R. 832, 836 (B.A.P. 9th Cir. 2008). I have subject matter jurisdiction to hear the Motion.

I also have personal jurisdiction over Debtor. She consented to the equitable jurisdiction of the bankruptcy court by voluntarily filing a bankruptcy petition.

To the extent that Debtor raises due process concerns, I have addressed those below.

B. The Local Procedure in Moving to Dismiss a Case

Generally, under the Bankruptcy Local Rules ("BLR"), a motion to dismiss a bankruptcy case must be set for actual hearing. BLR 9014-1(b)(1)(C). However, there are two exceptions: A debtor's request to dismiss under § 1208(b) or § 1307(b), and a chapter 13 trustee's request to dismiss under § 1307(c). *Id.* Thus, instead of setting a § 1307(c) motion for actual hearing, the Trustee may use the Notice and Opportunity for Hearing procedure set forth in BLR 9014-1(b)(3). Under this procedure, the moving party must give a 21-day notice, and any opposition must be filed within the 21-day period. If no objection is filed, the moving party may file a request for entry of an order granting the relief by default, and no hearing will be held.[6] On the other hand, if an objection is filed, the matter must be set for actual hearing on at least 7 days' notice.

In noticing the Motion, the Trustee used the Notice and Opportunity for Hearing procedure permitted by BLR 9014-1(b).

C. The Setting of an Actual Hearing is Not Required for a Motion to Dismiss a Chapter 13 Case

Debtor's principal argument is that, to dismiss a case under § 1307(c), Bankruptcy Rule 1017(a) requires an actual hearing regardless of whether a party requests one, and the

---

[6] This procedure does not result in the automatic granting of the relief sought if no timely objection is filed. The court must determine that all parties were properly noticed and given sufficient opportunity to be heard and that the motion has merits. *See In re Nunez*, 196 B.R. 150, 156 (B.A.P. 9th Cir. 1996)("The granting of an uncontested motion is not an empty exercise but requires that the court find merit to the motion.").

MEMORANDUM DECISION 5/16

court's Notice and Opportunity for Hearing procedure found at BLR 9014-1(b)(3), which does not require a hearing unless there is an objection, does not. This, Debtor contends, violates Rule 1017(a). In other words, Debtor argues that the very fact that the Motion was not initially set for a hearing, even though an actual hearing was held, violates her due process.

The controlling provision is not found in the Bankruptcy Rules, as Debtor seems to believe, but in the Bankruptcy Code itself. In relevant part, Bankruptcy Code § 1307(c) provides, "[O]n request of a party in interest or the United States trustee and *after notice and a hearing*, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]" (emphasis added).

To determine what is meant by the phrase "after notice and a hearing," we look to § 102, which supplies the "rules of construction" for the Bankruptcy Code. It states at subsection (1) "that 'after notice and a hearing', or a similar phrase --

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if—

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act

Bankruptcy Rule 1017(a) purportedly implements § 1307(c). With exceptions not relevant here, Rule 1017(a) provides that "a case shall not be dismissed on motion of the petitioner, for want of prosecution or other cause, or by consent of the parties, before a hearing on notice as provided in Rule 2002."

So, in Debtor's mind, Rule 1017(a) requires an actual hearing on a § 1307(c) motion even when no party requests one. That is not correct and Debtor fails to supply a single case supporting her interpretation.

MEMORANDUM DECISION 6/16

Cases dealing with the notice requirements of § 1307(c) uniformly follow the definition in § 102(1), holding that the notice-and-hearing definition in § 102(1) is flexible and sensitive to context. *See, e.g., In re Rosson*, 545 F.3d 764, 775 (9th Cir. 2008); *In re Eardley*, 2009 WL 7809924 (B.A.P. 9th Cir. 2009)(§ 1307(c) requests for dismissal require "reasonable notice and opportunity for hearing"); *In re Azam*, 2014 WL 12689267 (C.D. Cal. 2014)(same).

It is not necessary to decide whether, as Debtor contends, BLR 9014-1(b) violates Bankruptcy Rule 1017(a)'s supposed requirement of an actual hearing for two reasons.

First, the law is well settled that "[a]ny conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code." *In re Pacific Atlantic Trading Co.*, 33 F.3d 1064, 1066 (9th Cir. 1994); *In re Cisneros*, 994 F.2d 1462, 1465 (9th Cir. 1993). Section 1307(c) itself requires only "notice and a hearing," which as defined in § 102(1), authorizes an act without actual hearing under certain circumstances. Thus, even if the court agreed that BLR 9014-1(b) transgresses the Bankruptcy Rule, the statute at issue controls and permits the precise method of notice and hearing the Trustee used.[7]

Second, Debtor opposed the Motion. The court held a hearing and announced that the matter would be submitted. Thus, Debtor's argument that she is entitled to a hearing has been satisfied.

D. Debtor Received Adequate Notice of the Motion and an Opportunity to be Heard

Even if BLR 9014-1(b) violates Bankruptcy Rule 1017(a), Debtor received adequate notice. To satisfy due process, I must decide whether Debtor was afforded reasonable notice and an adequate opportunity to respond to the Trustee's Motion. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Notice is a flexible concept. *In re*

---

[7] Under Debtor's interpretation, Rule 1017(a) would also conflict with Rule 9014. Pursuant to Rule 1017(f), Rule 9014 governs a proceeding to dismiss a case under § 1307(c). Rule 9014(a) provides, in relevant part, "relief shall be requested by motion, and *reasonable notice and opportunity for hearing* shall be afforded the party against whom relief is sought." (emphasis added).

MEMORANDUM DECISION 7/16

*Tennant*, 318 B.R. 860, 870 (B.A.P. 9th Cir. 2004). What will constitute sufficient notice will vary depending on the particular circumstances presented in each case. *Id.*, at 870-71. Generally speaking, when a motion to dismiss involves substantive issues, sufficient notice and the opportunity for an interested party to be heard must be given. *Id.*, at 870.

In this case, Debtor was given adequate notice and a meaningful opportunity to be heard. The Trustee filed her Motion on June 27, 2018, and served the Motion on Debtor and Debtor's counsel. The notice gave 21 days for Debtor to respond, and if a response was filed, it provided that a hearing would be held on at least seven days' notice.

Debtor seems to believe that a violation of the rules, in and of itself, amounts to a violation of due process. She is mistaken. Debtor was given sufficient notice to allow her to draft and file two substantive 14-page briefs in opposition to the Motion, plus nearly 200 pages of excerpts. Courts do not find violations of due process where a party has been given a "meaningful opportunity" to be heard and the court "thoroughly considered" the arguments presented. *In re Wade*, 948 F.2d 1122, 1125 (9th Cir. 1991); *see also In re Kalikow*, 602 F.3d 82, 92 (2nd Cir. 2010)(violation of Civil Rule does not per se constitute a deprivation of due process). I have reviewed and considered Debtor's extensive opposition briefs. Moreover, a hearing was held. Insofar as this proceeding is concerned, Debtor's due process rights were not violated.

E. Debtor did not Suffer any Prejudice

Assuming Debtor was not provided with adequate notice and hearing, she must show prejudice from the procedural deficiencies to make a case that she did not receive due process. *See In re Rosson,* 545 F.3d at 776–77; *In re Wojcik*, 560 B.R. 763, 768-69 (B.A.P. 9th Cir. 2016). In *Rosson*, the Ninth Circuit held that the debtor was deprived of a meaningful opportunity to be heard, but because he could not show any prejudice arising from the defective process afforded him, the court properly converted his chapter 13 case to chapter 7.

There is no hint of prejudice in the record before me. Nothing suggests Debtor would have made different or additional arguments if this Motion was noticed and set for an

MEMORANDUM DECISION 8/16

actual hearing from the get-go. Regardless of which procedure is used, Debtor must file a written opposition. Having filed one, the notice and opportunity for hearing procedure gave Debtor an actual hearing. Instead of presenting substantive factual reasons why the Plan is not yet confirmed, Debtor relied on an extensive and incorrect technical argument about whether the court has to hold a hearing to discuss her case, or not. It is hard to imagine a hearing making any difference on these facts.

F. <u>Chapter 13 Debtor's Duty to Confirm Plan Expeditiously</u>

Turning to the substance of the Motion, I want to reiterate a point I have made many times. This discussion is prompted by the Debtor's failure to accept any responsibility for her failure to get a plan confirmed in a case that is coming close to being a year old.

A chapter 13 debtor has a range of rights and obligations. *See In re de la Salle*, 2011 WL 10656821, *11 (Bankr. E.D.Cal. September 6, 2011)("A Chapter 13 reorganization provides a debtor with significant benefits and tools to restructure his or her obligations. It also imposes basic obligations on the debtor to properly prosecute the case, provide for payment of creditor claims as required under the Bankruptcy Code, and comply with applicable nonbankruptcy law."). One of these unavoidable obligations is to confirm a chapter 13 plan as expeditiously as possible. *See, e.g., In re Nicholes*, 184 B.R. 82, 87 (B.A.P. 9th Cir. 1995) (Congress intended "expeditious administration of chapter 13 cases."); *In re Edmonston*, 99 B.R. 993, 995 (Bankr. E.D. Cal. 1988)("It is also clear from the time limits established in proceeding to confirmation of a chapter 13 plan that confirmation should occur as expeditiously as possible."); *In re Duggins*, 263 B.R. 233, 242 (Bankr. C.D. Ill. 2001)("the chapter 13 confirmation process is intended to be an expedited process"); *In re Abel*, 2001 WL 36160133 (Bankr. D. Vt. 2001)("Congress designed chapter 13 to be a formulaic repayment mechanism and very carefully laid out the requirements of a plan, the parameters of creditor objections and the pre-requisites to be met for confirmation to ensure that the process would be simpler, more expedient and less expensive than chapter 11 cases").

Chapter 13 contains an enforcement mechanism in the event a debtor invokes the protection of chapter 13 but fails to discharge the debtor's duties. It is the very mechanism

the Trustee uses here. Section 1307(c) provides that a chapter 13 case can be converted to chapter 7 or dismissed, whichever is in the best interests of creditors, "for cause." The term "cause" is not a defined term under the Bankruptcy Code, but the statute includes some examples of cause. These include, but are not limited to, the failure to timely file a plan, the failure to make payments under the plan, the denial of confirmation of a plan, and a material default under a confirmed plan. 11 U.S.C. § 1307(c)(3), (4), (5), and (6). As it applies to this case, cause includes: "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1).

It is important to note the exact wording of § 1307(c)(1). The statute refers to unreasonable delay "by the debtor." The statute does not require an analysis of whether, in general, there has been delay. It requires analysis of whether the debtor's action, or inaction, has resulted in undue delay. From this statutory construct, it is clear the debtor controls much of the conduct of the chapter 13 case, from the filing of the plan, its contents and feasibility, the plan payments to be made, to the ultimate prosecution and confirmation of the plan. The plan is the sole means by which creditors of the estate can be paid. If the debtor fails to file and prosecute the plan, the estate enters a state of legal limbo. The automatic stay remains in place, prohibiting creditors from enforcing debts and from being paid, while the debtor's postpetition earnings are largely free from creditor claims.

In the San Jose Division, it has come to pass that the Trustee undertakes the role of the enforcer to plan confirmation. Many cases, such as this one, remain pending for extended periods without any effort by debtors to get the plans confirmed. In such cases, the Trustee files motions to dismiss for delay under § 1307(c). Nothing in the Bankruptcy Code suggests it is the trustee's duty to play hall monitor in chapter 13 cases. It is a lamentable practice. A motion to convert or dismiss should be an unusual event based on unique circumstances of the case, not a commonplace means of pushing chapter 13 cases toward confirmation.[8]

---

[8] The court holds regular law-and-motion calendars the Trustee uses to set motions to dismiss under § 1307(c)(1) that have drawn objections. In 2018, that calendar

MEMORANDUM DECISION 10/16

G. Cause Exists to Dismiss this Case under § 1307(c)

As noted, § 1307(c) provides that upon the request of a party in interest, the court may dismiss or convert a chapter 13 case for cause, whatever is in the best interests of creditors and the estate. Section 1307(c) establishes a two-step analysis for dealing with questions of conversion and dismissal. "First, it must be determined that there is 'cause' to act. Second, once a determination of 'cause' has been made, a choice must be made between conversion and dismissal based on the 'best interests of the creditors and the estate.'" *In re de la Salle*, 461 B.R. 593, 605 (B.A.P. 9th Cir. 2011).

The cause asserted by the Trustee is "unreasonable delay by the debtor that is prejudicial to creditors" under § 1307(c)(1). "A debtor's unjustified failure to expeditiously accomplish any task required either to propose or to confirm a chapter 13 plan may constitute cause for dismissal under § 1307(c)(1)." *In re Ellsworth*, 455 B.R. 904, 915 (B.A.P. 9th Cir. 2011). In this context, the Bankruptcy Appellate Panel has held that delays in achieving confirmation should not be limitless and a failure to confirm a plan in over a year was an unreasonable delay prejudicial to creditors. *In re Tran*, 2006 WL 6811015 (B.A.P. 9th Cir. August 8, 2006).

The docket shows that Debtor has done nothing to address the Trustee's Objection to Confirmation. Nor has Debtor alleged in her Opposition that she has corrected the deficiencies noted in the Trustee's Confirmation Objection. Debtor has not set the Objection to Confirmation for hearing, as she is permitted to do under the local procedures for chapter 13 cases.[9] Debtor offers no explanation for the delay in resolving the Objection to Confirmation and confirming her Plan.

---

averaged 12.5 matters per month. As noted, the court only holds hearings when someone objects to dismissal. If there is no objection, the motion is generally granted without a hearing. The actual number of § 1307(c)(1) motions filed by the Trustee is much higher.

[9] http://www.canb.uscourts.gov/procedure/san-jose/san-jose-chapter-13-procedures-and-forms-packet

MEMORANDUM DECISION 11/16

Debtor noted that the Trustee filed her Motion a month after the claims-bar date.[10] I am not clear about the point of this argument but it appears to suggest that the Motion was premature. However, in discussing the confirmation procedure in the Code, the Bankruptcy Appellate Panel has observed that "[a]n accelerated process contemplates the confirmation of a chapter 13 plan and commencement of payments prior to the claims bar date or the final allowance of claims." *In re de la Salle*, 461 B.R. at 602-03.

On this record, I conclude that Debtor has demonstrated no intention of moving her case toward confirmation. Under Debtor's Plan, Debtor proposes to pay the Trustee $2,500 per month, and the secured creditor will be paid $1,500 per month. It would take far longer than 60 months to pay the large residential mortgage arrears claim of $233,260.[11] Debtor attempts to avoid the conclusion that the Plan is not feasible by providing for a sale or refinance of the residence by the end of the 26th month. If Debtor believes that the Trustee's objection to this proposal has no merit, I see no reason why it has not been offered for approval to the court. Alternatively, Debtor could have made efforts to address the Trustee's objection.

Debtor's conduct suggests her goal is not confirmation but unfettered delay. The Trustee's Objection to Confirmation was filed in January 2018, and Debtor's Opposition to the Motion was filed on July 18, 2018. At no point did Debtor file an amended plan. Instead, she waited until the eve of hearing to file her Amended Plan. At the hearing, she

---

[10] Debtor argued that the original Plan provided a "100% dividend to all creditors" which is somewhat misleading. Debtor did not list any creditors on Schedule E/F. And, no creditors filed claims except the secured creditor. That claim must be paid because it cannot be modified. *See* 11 U.S.C. § 1322(b)(2). A better description of the Plan would be that it provides for full payment to the secured creditor if confirmed and performed as stated.

[11] To pay the arrears claim over 60 months would require monthly payments of $3,887.69.

argued the Motion should be withdrawn in view of the Amended Plan.[12] But the late filing of the Amended Plan meant that neither the Trustee nor the court had time to review it. Debtor's late filing of the Amended Plan was not explained or justified and the court finds it was intended to derail the Trustee's Motion rather than meaningfully advance the case to confirmation.

I recognize that a chapter 13 case can have many purposes beyond confirmation of a chapter 13 plan. Cases are commonly filed to bring temporary relief to debtors facing foreclosure, eviction, and the like. Cases are filed to prevent the fixing of liens, such as where a judgment has been recorded within the preference period. Cases are filed to further negotiation and resolution of litigated matters. Indeed, § 1307(c)(1) refers to only "unreasonable delay" generally, not to unreasonable delay toward confirmation. So regardless of the intended purpose, there is a tipping point in every case, when the delay in moving the case forward, whether toward confirmation or another disposition, becomes unwarranted and unjustified. That time has come for this case.

Prejudice in the context of § 1307(c) arises from the unreasonable and unexplained delay that is prejudicial to creditors. Debtor failed to negate the showing of prejudice to her creditor. She instead argued that the court must balance the equities, considering the effect on both debtor and creditors. As a result, Debtor's argument on prejudice consists of the prejudice that would be suffered by her from dismissal of this case.

Debtor offered no legal authority for this novel view of the law. That is because the argument has no merit. "Section 1307(c)(1) is concerned with prejudice suffered by

---

[12] Debtor's argument at the hearing that the Trustee must withdraw her motion due to the Amended Plan having been filed is perplexing. She filed two extensive briefs arguing that the court's local rules are violating her due process by allowing the Trustee "to bypass the due-process requirements." She further contends the rules are "ethically unsupportable."

I note for the record that Debtor shares her legal counsel with two other pending cases in which virtually the same arguments have been advanced. (*In re Romero/Urbina*, Case No. 16-53539, and *In re Duran,* Case No. 17-52674). These cases were calendared for the same date and time as Debtor's case. But the Trustee withdrew her motion to dismiss prior to the hearing, effectively mooting what seems to have become a commonplace argument.

MEMORANDUM DECISION 13/16

creditors from delay, not the predicted harm to be suffered by a debtor from dismissal." *In re Woods*, 2012 WL 2343897 (Bankr. D. Idaho June 20, 2012).

In sum, Debtor has not provided any justification for her failure to promptly resolve the Trustee's Objection to Confirmation. She has not shown that her use of chapter 13 is motivated by a genuine intent to deal fairly with her creditors by confirming a plan promptly. This constitutes cause to dismiss or convert the case.

Because Debtor has no unsecured creditors, this case should be dismissed so the secured creditor may enforce its rights to payment on its claim outside of the bankruptcy process.

H. <u>No Trial is Required</u>

Lastly, I address Debtor's argument that a 1307(c) requires an evidentiary hearing and cannot be done "in a summary or cavalier fashion." This argument is not sustainable.

Bankruptcy Rule 1017(f)(1) prescribes the "contested matter" procedure of Bankruptcy Rule 9014 for § 1307(c) motions. "In a contested matter, there is no summons and complaint, pleading rules are relaxed, counterclaims and third-party practice do not apply, and much pre-trial procedure is either foreshortened or dispensed with in the interest of time and simplicity." *In re Khachikyan*, 335 B.R. 121, 125 (B.A.P. 9th Cir. 2005).

Discovery was available to Debtor as of right in this § 1307(c) contested matter, and no court authorization was required. *See* Fed.R.Bankr.P. 9014(c). In fact, Debtor could have commenced discovery the moment the Trustee filed her Motion. *See In re Khachikyan*, 335 B.R. at 127 ("where one wants discovery in a contested matter, it is generally too late to wait to the day of the hearing on the merits to request to conduct discovery in the future. Since the mandatory disclosure requirement of Civil Rule 26 does not apply to contested matters, there is no impediment to immediately seeking discovery.").

Furthermore, there is no right to a trial in every contested matter. The trial of a contested matter under Rule 9014 requires trial testimony in open court only when there is a genuine factual dispute. *Id.*, at 126; *see also Beardslee v. Woodford*, 358 F.3d 560, 585 (9th Cir.

MEMORANDUM DECISION 14/16

2004)("an evidentiary hearing is not required if the claim presents a purely legal question and there are no disputed facts.").

I found cause to dismiss under § 1307(c)(1) based on the record of this case. Debtor does not allege any disputed facts, or identify the evidence she intends to present at a trial. Under these facts, an evidentiary hearing would be futile and an inefficient use of judicial resources. It is not obligatory under Rule 9014.

### III. CONCLUSION

For the foregoing reasons, I find that I have jurisdiction to hear and resolve the Motion, that Debtor had adequate notice of the Motion as well as a reasonable opportunity to be heard, and that her due process rights were not violated. I further find that Debtor's unreasonable delay in confirming a plan is prejudicial to her creditor and constitutes cause to dismiss the case in the best interests of the creditor and the estate.

The court will enter a separate order granting the Motion to Dismiss.

**\*\* END OF ORDER \*\***

**COURT SERVICE LIST**

[ECF recipients only]

MEMORANDUM DECISION 16/16